SARAH F. A. BURTUS, Respondent, *v.* JAMES W. AMORY, Assignee, etc., impleaded, etc., Appellant.

(Argued May 20, 1874; decided September term, 1874.)

THIS action was brought to quiet plaintiff's title and possession to certain leasehold premises in the city of New York, as against the claim thereto of defendant Amory, as assignee in bankruptcy of James A. Burtus, Jr., plaintiff's husband.

The court by and before whom the action was tried, found that James A. Burtus, Sr., in 1863, being the owner and holder of the lease of the premises in question, executed an assignment by which he intended to assign the lease to plaintiff; that by the mistake of the attorney drawing the same, the assignment, by its terms, was to James A. Burtus, Jr., instead of to her. The assignment recited that the consideration was from plaintiff, and the covenants were to and with her. There was no agreement to assign to said Burtus, Jr. The assignment was recorded in the register's office. The mistake was not discovered until 1870, when said James A. Burtus, Sr., executed another assignment reciting therein the fact of the execution of the former assignment, that there was a doubt as to plaintiff's title, and stated the object to be to rectify the error, and to ratify and confirm such title. Said assignor had charge of the premises until his death, in 1871; subsequent thereto the plaintiff had possession and control. Plaintiff's said husband never held or owned the lease; the

assignment was never delivered to or accepted by him, and he never had possession of any part of the demised premises. He was declared a bankrupt in 1868, and assigned his property to defendant Amory; the lease was not included in his schedule of assets. The court adjudged plaintiff to be the lawful owner and holder of the lease, and directed judgment to that effect, and that the original assignment, and the record thereof, be corrected by inserting "Sarah F. A. Burtus, wife of," before the name of James A. Burtus, Jr., so that she will appear as assignee. *Held*, no error; that defendant Amory, by the assignment to him, had no interest in the lease or property.

The counsel for defendant Amory claimed the judgment erroneous, because of the directions as to the reformation of the original assignment. *Held*, that if there was error in that respect it could not prejudice Amory, as he had no interest to be affected, but that the judgment in that respect was not erroneous, as it was an effectual means of removing the cloud from plaintiff's title.

Upon the trial, John Burtus, son of said James A. Burtus, Sr., as a witness for defendant, was permitted to testify to declarations made by his father before the execution of the first assignment, to the effect that he intended to assign the lease to plaintiff. This was objected to on the ground that the assignment could not be varied or contradicted by parol; also, that witness was not competent to testify under section 399 of the Code. The objections were overruled. *Held*, no error.

The second or confirmatory assignment was received in evidence under objection, that it was immaterial and improper. *Held*, no error, as it tended to show and correct the mistake.

*Amasa J. Parker* for the appellant.

*Samuel Hand* for the respondent.

LOTT, Ch. C., reads for affirmance.
All concur.
Judgment affirmed.